FILED

**NOT FOR PUBLICATION**

NOV 20 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN DARNELL EDWARDS, | No. 11-17101 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02852-GEB-GGH |
| v. | |
| M. McDONALD; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Brian Darnell Edwards, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging First,

Eighth, and Fourteenth Amendment violations. We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Edwards's First Amendment claim was proper because Edwards failed to allege facts in his operative complaint demonstrating that defendants' actions were not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (setting forth four-factor test to analyze validity of policies or regulations that impinge on an inmate's First Amendment rights); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam) (retaliation claim requires prisoner to show that action does not further legitimate penological goals). To the extent that Edwards alleges that defendants improperly interfered with his filing of grievances, he does not have a separate constitutional entitlement to a specific prison grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Dismissal of Edwards's Eighth Amendment claim was proper because Edwards failed to allege facts in his operative complaint demonstrating that defendants disregarded an excessive risk to Edwards's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is not liable under the Eighth

Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety").

The district court properly dismissed Edwards's equal protection claim because Edwards failed to allege facts in his operative complaint demonstrating that defendants' actions were racially motivated. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (to establish a violation of the Equal Protection Clause, plaintiff must show that defendants acted with discriminatory intent).

The district court did not abuse its discretion in denying Edwards's motion for appointment of counsel because Edwards failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

Edwards's contention that the district court used the improper pleading standard is unpersuasive.

**AFFIRMED.**